IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID G. HONEYCUTT                                                    PLAINTIFF

      v.                          Civil No. 09-3043

FEDEX FREIGHT SYSTEM, INC.                                           DEFENDANT


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

David G. Honeycutt brings this *pro se* action pursuant to Title VII and the Americans with Disabilities Act (ADA).  His complaint was filed *in forma pauperis* (IFP).  On June 18, 2009, the undersigned entered an order (Doc. 6) directing the plaintiff to sign and return an addendum to his complaint.  The court received the addendum (Doc. 7) on July 9, 2009.  Before the court for report and recommendation is the motion to dismiss filed by the defendant (Doc. 8).  Plaintiff has responded (Doc. 10) to the motion to dismiss.

### I. Background

According to the complaint and addendum, plaintiff began working for FedEx on March 3, 2003.  Plaintiff maintains he was discriminated against on the basis of his sex and because of a disability.  He alleges FedEx failed to promote him, took corrective actions against him, subjected him to a hostile work environment, and on October 13, 2008, terminated him.

From April of 2006 until October of 2008, plaintiff alleges he and a female co-worker were e-mailing each other at work.  At some unspecified date, plaintiff indicates the female co-worker asked him to cease communicating with her.  Despite this request, plaintiff states she continued to communicate with him.  On October 9, 2008, plaintiff alleges he complained about receiving the

-1-

e-mails, "truck mail" messages and phone messages to Don F. Smith, his manager.

Plaintiff states he was subjected to a hostile work environment in the following ways:  he was written up as a no call, no show even though he was on an approved short term disability; he was struck from behind while working at his desk by his senior manager, Alex Billings; he was not allowed to return to work until fully released although others were given light duty; his probationary period did not start until he returned from being off on disability for six months; he was told he was a no call, no show even though his manager had approved his absence for a doctor's appointment; he was asked direct questions about his medical condition on several occasions; a female co-worker was on several occasions allowed to come in on Saturday to make up hours lost due to leaving work for a sick child but when he asked for the same accommodation his request was refused; he was given a critical written notice for jokingly replying to the question of what did your doctor say:  "He says I'm crazy and I have an axe in my jeep;" and he was presented with a handkerchief soaked in some kind of oil by his manager and told to get right with God.

Each time corrective action was taken against him, plaintiff states he was considered ineligible for promotion or transfer for twelve months.  Plaintiff indicates he suffers from complications of diabetes mellitus including adhesive capsulitis resulting in a torn rotator cuff, neuropathy in the feet and legs, and anxiety and other disorders.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on February 5, 2009.  He received a notice of right to sue on March 5, 2009.

The complaint in this case was marked received in the clerk's office on June 3, 2009.  The case was filed on June 12, 2009.

## II.  Discussion

Defendant has now moved for dismissal of this case.  First, defendant contends plaintiff's

Title VII and ADA claims are barred because he failed to file a timely charge of discrimination with the EEOC. Second, defendant maintains plaintiff failed to file his complaint within ninety days of receiving the notice of right to sue.

In response, plaintiff argues that FedEx continued to discriminate against him after his termination when it fought his application for unemployment benefits. In support, he offers a letter from FedEx addressed to the Employment Security Department (Doc. 7, Exhibit B) and the decision of the Hearing Officer for the Employment Security Department (Doc. 7, Exhibit A). Next, plaintiff asserts that his complaint was submitted for filing within ninety days of his receipt of the notice of right to sue.

Title VII establishes "an integrated, multi-step enforcement procedure" that enables the EEOC to detect and remedy discriminatory employment practices. *E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 61-62, 104 S. Ct. 1621, 1627, 80 L. Ed. 2d 41 (1984). To maintain a discrimination lawsuit under Title VII, a plaintiff must file a charge of discrimination with the EEOC within 180 days of the allegedly discriminatory act. 42 U.S.C. § 2000e-5(e)(1). *See also Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 796 n. 3 (8th Cir. 1998)(180-day filing limit in Arkansas).

This same rules applies to plaintiff's ADA claim since the ADA, 42 U.S.C. §12101, *et seq.*, incorporates the procedural requirements of Title VII. 42 U.S.C. §12117(a). Thus, a charge of discrimination brought under the ADA must filed with the EEOC within 180 days October 13, 2008, the date plaintiff was terminated. 42 U.S.C. §2000e-5(e); *See also Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1328 (8th Cir. 1995)(Title VII termination claim; cause of action accrues on date allegedly unlawful act is communicated to plaintiff, *i.e.,* when notice of termination decision is received).

Plaintiff filed his charge of discrimination on February 5, 2009, one-hundred and fourteen

-3-

days after his termination–well within the one-hundred and eighty day period.   Fed. R. Civ. P. 6(a)(1)(day of event excluded).  To the extent plaintiff intended to assert separate claims based on unspecified promotions he maintains he was considered ineligible for and for unspecified corrective actions which occurred on dates more than one-hundred and eighty days prior to the filing of his charge of discrimination, these claims would be barred.

To the extent plaintiff seeks to assert a claim based on FedEx's opposition to his claim for unemployment benefits, the claim fails as a matter of law.  To demonstrate a prima facie claim of retaliation, plaintiff must show:  (1) he engaged in protected conduct; (2) a reasonable employee would have found the challenged retaliatory action materially adverse; and (3) the materially adverse action was causally linked to the protected conduct.  *Higgins v. Gonzales*, 481 F.3d 578, 589 (8th Cir. 2007).

Section 2000e-3(a) makes it an "unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter."   The filing of a claim for unemployment compensation is not "protected opposition to discrimination; filing for unemployment compensation is entirely unrelated to Title VII."  *Edwards v. Creoks Mental Health Services, Inc.*, 505 F. Supp. 2d 1080, 1093 (N.D. Okla. 2007).  Similarly, "[f]iling for unemployment compensation is not a protected activity under the ADA."  *Id.* at n.4.

FedEx also maintains plaintiff failed to file his complaint within ninety days of his receipt of the right to sue letter.  The notice of right to sue was issued by the EEOC on March 4, 2009. *Complaint, Exhibit* 2.  Plaintiff received the letter on March 5, 2009.  *Addendum* (Doc. 7) at ¶ 5. His complaint was marked received by the Clerk's Office on June 3, 2009.  At that point, plaintiff had done all he could do to ensure the complaint was timely filed.  Fed. R. Civ. P. 3; Fed. R. Civ.

P. 5(d).  *Cf.  Lee v. Dallas County Board of Education*, 578 F.2d 1177-1179  (5th Cir. 1978)(Filing is accomplished when document is received by the clerk; filings reaching the clerk's office after a deadline are untimely).  June 3, 2009, is within the ninety day period.  Because plaintiff submitted an *in forma pauperis* (IFP) application, the complaint was marked received and sent to the undersigned for review.

### III. Conclusion

I therefore recommend that FedEx's motion to dismiss (Doc. 8) be granted in part and denied in part.  Specifically, I recommend it be granted with respect to the following:  (1) any promotions denied the plaintiff which occurred more than one-hundred and eighty days prior to February 5, 2009; (2) any corrective actions which occurred more than one-hundred and eighty days prior to February 5, 2009; and (3) any claim plaintiff has based on FedEx's opposition to his claim for unemployment benefits.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 31st day of August 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE